UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN A. PATTERSON,

           Plaintiff,

v.                                                        Case No. 24-cv-939-pp

CANDACE WHITMAN, *et al.*,

           Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 21)**

      Plaintiff Brian A. Patterson is proceeding under 42 U.S.C. §1983 on federal and state-law claims against Candace Whitman and Terry Kiser employees at Fox Lake Correctional Institution, where he is incarcerated. On March 21, 2025, the defendants moved for partial summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies for his federal claims against Whitman before bringing his lawsuit. Dkt. No. 21. The plaintiff opposes the motion but has not filed any evidence in support of his opposition. Dkt. No. 26. The court accepts the defendants' proposed findings of fact as undisputed but concludes that the defendants have not satisfied their burden to show that the plaintiff failed to exhaust his administrative remedies.

**I.    Facts**

      **A.**    <u>Procedural Background</u>

      On July 25, 2024, the court received the plaintiff's complaint asserting claims against officials at Fox Lake. Dkt. No. 1. The court screened the

complaint and allowed the plaintiff to proceed on Eighth Amendment claims against Kiser and Whitman related to his delayed dental care; a First Amendment claim of retaliation against Whitman for allegedly lying about escort officers being available to take him to an outside dental appointment; and state law claims of negligence against both defendants. Dkt. No. 14 at 14–15. The court denied the plaintiff's motions for injunctive relief and to consolidate his fees. Id. at 15–19.

On January 8, 2025, after counsel had appeared for the defendants, the court issued a scheduling order setting deadlines, including a deadline of March 24, 2025 for the defendants to move for summary judgment on exhaustion grounds. Dkt. No. 19. On March 21, 2025, the defendants moved for partial summary judgment on exhaustion grounds. Dkt. No. 21. On March 24, 2025, the court ordered that by April 21, 2025, the plaintiff must respond to the motion. Dkt. No. 25. The court advised the plaintiff:

> The plaintiff must respond to each of the defendants' proposed findings of fact (Dkt. No. 23), either by agreeing with the proposed fact or explaining why he disagrees with the proposed fact. If the plaintiff does not either agree or disagree with a proposed fact, the court will assume that he agrees with that proposed fact. The plaintiff must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746. . . . The plaintiff also must respond to the legal arguments in the defendants' brief (Dkt. No. 22) by explaining why he disagrees with those arguments.

Id. at 1–2 (footnote omitted). The court advised the plaintiff that if he did not respond by April 21, 2025, as the court had instructed, the court would "treat the defendants' motion as unopposed, accept all facts the defendants assert as

undisputed and decide the motion based only on the arguments in the defendants' brief, without any input from the plaintiff." Id. at 2.

On April 15, 2025, the court received the plaintiff's response to the defendant's motion, dkt. no. 26, but it does not comply with the court's local rules or the court's March 24, 2025 order. The plaintiff responded only to the defendants' brief in support of their motion for summary judgment; he did not address or contest the defendants' proposed findings of fact. See Civil Local Rule 56(b)(2)(B) (E.D. Wis.). The plaintiff's response is not sworn to be true under penalty of perjury, and he did not file or attach "any opposing affidavits, declarations, [or] other materials" in support. See id. Rule 56(b)(2)(C). Because the plaintiff's response does not comply with the court's March 24, 2025 order or the court's local rules, the court will deem the defendants' facts admitted and their evidence undisputed. See id. Rule 56(b)(4); Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003) ("[A] failure to respond by the nonmovant as mandated by the local rules results in an admission.").

B.   Factual Background

The plaintiff is incarcerated at Fox Lake and was at all relevant times. Dkt. No. 23 at ¶1. Defendant Whitman was a Nurse Supervisor at Fox Lake at all relevant times. Id. at ¶3. As the court explained in the screening order, the plaintiff stated an Eighth Amendment claim against Whitman based on allegations that she was "aware of his extended delay in receiving care" because "he repeatedly informed her about the delay, yet she failed to take reasonable action." Dkt. No. 14 at 11. He also stated a First Amendment claim based on

allegations "that Whitman retaliated when she allegedly lied about escort officers being available to take him to an outside dental appointment in response to his requests to and complaints about her and a previous lawsuit he filed against her." Id. at 13.

The defendants assert that although the plaintiff filed four administrative complaints at Fox Lake related to the claims in this lawsuit, he "did not provide the prison with timely notice regarding his claims against Whitman." Dkt. No. 22 at 1; Dkt. No. 23 at ¶4. They assert that because the plaintiff "failed to exhaust his administrative remedies as to his claims against Whitman," the court should grant her motion and dismiss the plaintiff's federal claims against Whitman. Dkt. No. 22 at 9.

      1.    *FLCI 2024-6811*

The plaintiff filed the first of his four complaints on May 6, 2024. Dkt. No. 24-2 at 6. He alleged that medical staff were "obstructing and unreasonably denying and delaying the treatment of a dental issue that [he] sought treatment of over 2 years ago." Id. He detailed the steps he took to receive dental treatment and asserted that defendant Kiser was aware of his requests for dental care but "did not process" them. Id.

The institutional complaint examiner received the complaint on May 8, 2024 and recommended affirming it "to acknowledge the delay in receiving dental services." Id. at 2. The reviewing authority accepted the recommendation and affirmed the complaint. Id. at 3. As the reason for affirming the complaint,

the examiner stated that "[Fox Lake] does not have a Dentist, staff coming when available." Id.

        2.    *FLCI 2024-8259*

The plaintiff filed his second complaint on May 25, 2024. Dkt. No. 24-3 at 8. This complaint alleged that Health Services Unit (HSU) staff were "retaliating against [the plaintiff] for filing complaints about inadequate medical and dental care." Id. The plaintiff said that Kiser told him the dental office could see him sooner for an extraction than for a filling of his cavity, which the plaintiff described as "a Hobson's choice" and "no choice at all since [the plaintiff] prefer[red] to keep [his] natural teeth as long as possible." Id.

The complaint examiner's office received the complaint on May 31, 2024. Id. at 2. The complaint examiner rejected this complaint because the plaintiff "has submitted a previous complaint regarding wait list for dental – FLCI-2024-6811." Id. The complaint examiner stated that the plaintiff was on the waitlist for dental services and would be seen based on the urgency of his dental need and the number of patients with more urgent needs, unless his dental condition changed or caused him severe pain. Id.

The plaintiff filed a request for review of the rejected complaint, asserting that "the issues in the new complaint could not have been 'previously addressed' in the older complaint since they are related, but new." Id. at 12. The reviewing authority nonetheless accepted the complaint examiner's reasoning and rejected the plaintiff's complaint as having been previously addressed. Id. at 5 (citing Wis. Admin. Code DOC §310.10(6)).

5

### 3. *FLCI 2024-8580*

The plaintiff filed his third complaint on June 5, 2024, alleging that medical staff had denied his request for an offsite appointment. Dkt. No. 24-4 at 8. He alleged that Whitman falsely told him "that officers would not be available to escort him" and asserted he knew this was false because "other inmates are escorted daily" to nearby hospitals for offsite appointments. Id.

The complaint examiner's office received the complaint the next day, and the complaint examiner again rejected it as having been addressed previously. Id. at 2. The complaint examiner cited both prior complaints and reiterated that there had been a delay of dental services for all incarcerated persons at Fox Lake. Id. The plaintiff sought review of this rejected complaint and asserted, as he had in his request for review of FLCI 2024-8259, that the issue in his complaint was "related" to those in his previous complaints "but new." Id. at 13. The reviewing authority again accepted the complaint examiner's reasoning and rejected the plaintiff's complaint as having been previously addressed. Id. at 5 (citing Wis. Admin. Code DOC §310.10(6)).

### 4. *FLCI 2024-9019*

The complaint examiner's office received the plaintiff's fourth and final complaint on June 16, 2024 (though the complaint states that the plaintiff signed it on May 25, 2024). Dkt. No. 24-5 at 1, 8. The plaintiff again alleged that medical staff denied him adequate dental care and denied his request for offsite treatment. Id. at 8. He also again alleged that Whitman had lied about officers not being available to escort the plaintiff to an offsite appointment. Id.

As with the plaintiff's two previous complaints, the complaint examiner rejected the complaint as having been previously addressed; the plaintiff sought review and claimed that his issue was relevant to his previous complaints but new, and the reviewing authority accepted the complaint examiner's reasoning and rejected the complaint. Id. at 2, 5, 10. The plaintiff did not file any other administrative complaints about his delayed dental care. Dkt. No. 23 at ¶22.

## II. Discussion

### A. Summary Judgment Standard

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. Brummett v. Sinclair Broad. Grp., Inc., 414 F.3d 686, 692 (7th Cir. 2005).

B.  Exhaustion

Under the Prison Litigation Reform Act (PLRA), an incarcerated person cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see Woodford v. Ngo, 548 U.S. 81, 93 (2006). To comply with §1997e(a), an incarcerated person must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). This requirement applies to all suits filed by incarcerated persons "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), and expects incarcerated persons to adhere to "the specific procedures and deadlines established by the prison's policy," King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015) (citing Woodford, 548 U.S. at 93). "Exhaustion requires an incarcerated person to 'take each of the steps prescribed by the state's administrative rules governing prison grievances.'" Williams v. Rajoli, 44 F.4th 1041, 1045 (7th Cir. 2022) (quoting Chambers v. Sood, 956 F.3d 979, 983 (7th Cir. 2020)). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. See Pavey v. Conley, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)). If the defendants satisfy that burden, the court must dismiss the plaintiff's unexhausted claims without prejudice. See Ford v. Johnson, 362

8

F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

Wisconsin has established an Inmate Complaint Review System (ICRS) that allows incarcerated persons to file complaints about policies, rules, living conditions and staff actions at their institutions. Wis. Admin. Code DOC §310.06. Incarcerated persons must exhaust all administrative remedies that the Department of Corrections has promulgated by rule before commencing a civil action against an officer, employee or agent of the DOC. Id., §310.05. The complaint examiner may accept, return or reject an administrative complaint. Id., §310.10(2). The complaint examiner may reject a complaint for several reasons, including that the incarcerated person previously grieved the issue. Id., §310.10(6)(g). An incarcerated person may request review of a rejected complaint "within 10 days" by writing "to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint." Id., §310.10(10).

C.   Analysis

The defendants assert that the plaintiff's four administrative complaints about his dental care did not exhaust his federal claims against defendant Whitman. Dkt. No. 22 at 7. They first assert that the plaintiff's second complaint (FLCI 2024-8259) described "wrongdoing" by Kiser only, even though "the alleged wrongdoing by Whitman had already occurred" when the plaintiff submitted that complaint. Id. They say that the third and fourth complaints mention Whitman, but that those complaints were rejected because the

9

Case 2:24-cv-00939-PP   Filed 07/08/25   Page 9 of 18   Document 30

plaintiff had raised concerns about his delayed dental treatment in previous complaints. Id.

The defendants assert that even if the complaint examiner had not rejected the plaintiff's complaints, the complaints failed to "provide the prison with sufficient notice of his retaliation claim against Whitman." Id. They say that the complaints allege only that Whitman lied to the plaintiff about officer availability for an offsite appointment but did not allege that she did so in retaliation for his previous lawsuit or complaints. Id. at 7–8. The defendants contend that because the plaintiff failed to "connect Whitman's alleged dishonesty to his complaints about her," his administrative complaints did not put the prison on notice of the plaintiff's retaliation claim against Whitman. Id.

In his unsworn response, the plaintiff contends that he "properly exhausted his administrative remedies by filing timely complaints against Defendant Whitman although the Internal Complaint Examiner dismissed them as 'previously addressed.'" Dkt. No. 26 at 1. The plaintiff contests the defendants' "position that a rejected complaint cannot effectuate exhaustion." Id. at 2. He asserts that rejected complaints *can* exhaust administrative remedies where a complaint examiner "erroneously rejects the new claims as 'previously addressed.'" Id. at 3. The plaintiff says that only his first complaint complained about his denial of timely dental care, and the complaint examiner affirmed that complaint. Id. He says that his subsequent complaints raised new issues, but that the complaint examiner "chose to disregard [his] new claims with new allegations [and] with new facts and instead disregarded them as

10

Case 2:24-cv-00939-PP    Filed 07/08/25    Page 10 of 18    Document 30

'previously addressed.'" Id. He says that this was an improper "merits-based decision" that this court must reject. Id. at 3–4 (citing McDaniel v. Meisner, 617 F. App'x 553, 558 (7th Cir. 2015))

The plaintiff points to his second complaint, in which he alleged that medical staff retaliated against him and that Kiser advised him to request an extraction instead of a cavity for quicker treatment. Id. at 5 (citing Dkt. No. 24-3 at 8). He says that this complaint alleged that he was "being further denied adequate dental care to fill a cavity due to the prior complaints." Id. The plaintiff says that the defendants "mischaracterized [his] core claim of retaliation by 'HSU staff' and instead chooses [*sic*] to focus on Defendant Kizer [*sic*]." Id. He claims that the complaint examiner "chose to avoid investigating the actual retaliation issue by lazily framing the issue as complaining about a delay in dental care that was 'previously addressed.'" Id. at 6. He asserts that the defendants concede that he properly exhausted his administrative remedies for his claims against Whitman by acknowledging that by the time he filed his second complaint, "'the alleged wrongdoing by Whitman had already occurred.'" Id. (quoting Dkt. No. 22 at 7) (emphasis omitted).

The parties' conflicting briefs raise two issues: (1) whether the complaint examiner properly rejected the plaintiff's second, third and fourth complaints as previously addressed in the response to his first complaint; and, if not, (2) whether the plaintiff's second through fourth complaints properly put the prison on notice of his claims against Whitman. The court will address each of these questions.

### 1. *Rejection of the Plaintiff's Complaints*

The parties first dispute whether the complaint examiner properly rejected the plaintiff's second, third and fourth complaints as previously addressed by the resolution of his first complaint. The defendants say that the rejections of the plaintiff's complaints are dispositive because a rejected complaint is not considered "accepted by the [complaint examiner]" and cannot exhaust administrative remedies. Dkt. No. 22 at 7. The plaintiff disputes that statement and insists that a rejected complaint still can exhaust administrative remedies.

The defendants are correct that "[o]rdinarily, a complaint that is rejected for procedural reasons, rather than dismissed after a determination on the merits, does not exhaust a prisoner's administrative remedies." Durley v. Kacyon, Case No. 21-cv-154, 2022 WL 16530885, at *5 (E.D. Wis. Oct. 29, 2022) (citing Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005)). But as this court also observed, "rejection of an institutional complaint does not *necessarily* render it unexhausted." Id. (citing Lindell v. Greff, Case No. 19-C-827, 2021 WL 718237, at *3 (E.D. Wis. Feb. 24, 2021) ("Because inmates must follow the ICRS rules to properly exhaust, *sometimes* the rejection of an offender complaint demonstrates that the plaintiff did not follow the rules and therefore did not properly exhaust.") (emphasis added)). In Durley, this court gave the example of a complaint examiner who rejects a complaint as untimely under Wis. Admin. Code DOC §310.10(6) but then decides the complaint on its merits. Id. at *6. The court stated that the rejection of the complaint *solely* because it is untimely would mean that the complaint did not exhaust

administrative remedies. Id. (citing Conyers, 416 F.3d at 584). But the complaint examiner's decision to "go further" and decide the merits of the complaint "renders the incarcerated person's remedies exhausted." Id.

Here, the complaint examiner rejected the plaintiff's second through fourth complaints because of a procedural error—the plaintiff's complaints raised an issue that the complaint examiner previously had addressed in the resolution of an earlier complaint. See Wis. Admin. Code DOC §310.10(6)(g) (providing that a complaint examiner "may reject a complaint for" several reasons, including that "[t]he issue has already been addressed through the inmate's prior use of the ICRS"). The complaint examiner did not go further and address the merits and only provided general information about the delay in dental services at FLCI. Ordinarily, the complaint examiner's rejection of the second through fourth complaints would mean that those complaints did not and could not serve to exhaust the plaintiff's administrative remedies for his claims in those complaints. But the plaintiff asserts that the complaint examiner *wrongly* rejected his second through fourth complaints as having been previously addressed because the issues he raised in those complaints were new issues that were related to the issue raised in his first complaint but were not the same. He says that the complaint examiner should have considered his second through fourth complaints on their merits rather than rejecting them for a procedural reason.

The court agrees with the plaintiff and finds that the complaint examiner improperly rejected the plaintiff's second and third complaints. The complaint

examiner affirmed the first complaint, which asserted that medical staff was denying the plaintiff timely and adequate dental care. The plaintiff's second complaint alleged that "HSU staff" were retaliating against him for filing earlier complaints about his inadequate care. Although the plaintiff again discussed his need for dental care and the delay in receiving that care, his listed issue was retaliation from HSU staff. The plaintiff's third complaint similarly reiterated the delay in receiving needed dental care, but he listed his one issue as denial of an *offsite* dental appointment based on a false claim that officers were unavailable to take him there. These issues are not the same as the issue in the plaintiff's first complaint, which alleges only that HSU staff were delaying and denying the plaintiff adequate dental care at Fox Lake.

As the court stated above, an incarcerated person must exhaust only administrative remedies that are "available." 42 U.S.C. §1997e(a); see Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). An administrative remedy may become unavailable if the incarcerated person fails to follow administrative rules, for example "by simply not filing a grievance in a timely manner." Kaba, 458 F.3d at 684. But if "prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality." Id. Prison officials might stymie an incarcerated person's efforts to exhaust his administrative remedies in various ways. Id. (citing examples). But the Seventh Circuit has held that "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed

grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole, 438 F.3d at 809.

Although the complaint examiner responded to the plaintiff's complaints, he erroneously rejected the second and third complaints as having been "previously addressed" in the resolution of the first complaint about the delay in dental care. In effect, that rejection rendered administrative remedies unavailable to the plaintiff for any claim tangentially related to his first complaint. The reviewing authority's acceptance of the complaint examiner's rejection made things worse because the plaintiff had no other appeal available for the rejected complaints. These decisions told the plaintiff that the complaint examiner's office would not accept further complaints about his delayed or denied dental treatment—even complaints about new issues that were relevant to the denial of dental care but different in nature, such as his claims that staff had retaliated against him and that Whitman falsely denied his request for offsite treatment. The complaint examiner's rejections of the plaintiff's second and third complaints rendered administrative remedies unavailable to the plaintiff for those complaints and effectively barred him from exhausting his administrative remedies. Because administrative remedies were unavailable to the plaintiff for the claims in his second and third complaints, he was not required to exhaust the claims raised in those complaints before bringing his federal lawsuit.

The complaint examiner properly rejected the plaintiff's fourth complaint because it raised an identical issue to the issue raised in his third complaint.

The plaintiff's fourth complaint, like the third complaint, asserts that the plaintiff requested offsite dental care, but staff falsely denied his request. Because the complaint examiner should have considered the merits of the plaintiff's third complaint, the proper rejection of his fourth complaint does not mean that the plaintiff failed to exhaust his administrative remedies for the claim raised in his third complaint.

2. *Retaliation Claim*

The defendants assert that the plaintiff nonetheless failed to exhaust his administrative remedies for his First Amendment claim against Whitman because his complaint did not provide the prison proper notice of his retaliation claim. The defendants assert that the plaintiff's complaint alleged only that Whitman falsely denied him offsite medical treatment and did not also allege that she did so in retaliation for previous protected conduct.

Even if the defendants are correct that the plaintiff's complaints did not give the prison proper notice of his retaliation claim against Whitman, this is a moot point. As the court discussed above, the complaint examiner rendered administrative remedies unavailable by improperly rejecting the plaintiff's second and third complaints as "previously addressed." And because the plaintiff's administrative remedies were unavailable, he no longer needed to attempt to exhaust them before bringing his federal complaint. See Ross v. Blake, 578 U.S. 632, 636 (2016) ("A prisoner need not exhaust remedies if they are not 'available.'"); Ramirez v. Young, 906 F.3d 530, 540 (7th Cir. 2018) (quoting Hernandez v. Dart, 814 F.3d 836, 840 (7th Cir. 2016)) ("The

unavailability of the [grievance] process 'lifts the PLRA exhaustion requirement entirely and provides immediate entry into federal court.'"). That means that it does not matter what the plaintiff alleged in the substance of his complaints, and the court need not determine whether they might have properly notified the prison about his retaliation claim against Whitman had the complaint examiner not rejected them. See Hernandez, 814 F.3d at 843 (noting that because officials rendered grievance process unavailable to detainee, district court did not need to consider whether detainee raised valid grievance about the conditions of his detention).

   3.   *Summary*

The court finds that the defendants have not satisfied their burden to show that the plaintiff failed to exhaust his administrative remedies for his federal claims against defendant Whitman before bringing this lawsuit. The court will deny the defendants' motion for summary judgment on exhaustion grounds.[1]

**III. Conclusion**

The court **DENIES** the defendants' motion for partial summary judgment on exhaustion grounds. Dkt. No. 21.

---

[1] Because the plaintiff did not oppose the defendants' proposed findings of fact, there are no unresolved questions of fact regarding whether the plaintiff exhausted his administrative remedies, and the court has "no reason to conduct an evidentiary hearing" under Pavey, 544 F.3d 739. Aguirre v. Witek, Case No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (quoting Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009)).

The court **ORDERS** that the deadlines from the scheduling order remain in effect. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 8th day of July, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**