UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN A. PATTERSON,

Plaintiff,

v. Case No. 24-cv-939-pp

CANDACE WHITMAN and TERRY KISER,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 52), GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 40) AND DISMISSING CASE**

---

Plaintiff Brian A. Patterson is proceeding under 42 U.S.C. §1983 on federal and state law claims against Candace Whitman and Terry Kiser, employees at Fox Lake Correctional Institution, where the plaintiff is incarcerated. The court screened the complaint and allowed the plaintiff to proceed on Eighth Amendment claims against Kiser and Whitman related to his delayed dental care; a First Amendment claim of retaliation against Whitman for allegedly lying about escort officers being available to take him to an outside dental appointment; and state law claims of negligence against both defendants. Dkt. No. 14 at 14-15. This order addresses the defendants' motion for summary judgment. Dkt. No. 40.

The defendants filed their summary judgment motion on April 20, 2025, and two days later, the court ordered that the plaintiff's response was due by May 20, 2026. Dkt. No. 46. The court received from the plaintiff a motion for an extension of time, dkt. no. 47; the court granted his motion and ordered that his response was due by June 19, 2026, dkt. no. 48. On June 23, 2026, the

court received from the plaintiff a second motion for extension of time. Dkt. No. 49. The court granted that motion, ordered that the response was due by August 10, 2026, and stated that it would not grant a further extension of time unless the plaintiff could demonstrate extraordinary circumstances justifying an extension. Dkt. No. 50.

On August 12, 2026, the court received from the plaintiff a third motion for extension of time, this time for forty-five days, allegedly based on "good cause." Dkt. No. 52. The plaintiff stated that he needed more time to respond to the defendants' motion for summary judgment because he simultaneously is litigating several other cases and he is allowed only ten to twelve hours per week in the prison law library. Id. at 2. The plaintiff has not asserted that extraordinary circumstances exist for the court to grant him another extension of time nor has he demonstrated extraordinary circumstances. Cf. Gray v. Mlodzik, Case No. 23-cv-311, 2024 WL 4164783, at *3-*4 (E.D. Wis. Sept. 12, 2024) (incarcerated individual must show more than just that his own circumstances may have made it more difficult to timely file habeas petition to qualify as extraordinary circumstances) (citations omitted). The court will deny the plaintiff's third motion for an extension of time and will resolve the defendants' summary judgment motion without considering a response from the plaintiff.

## I. Defendants' Motion for Summary Judgment (Dkt. No. 40)

### A. Facts

The plaintiff was incarcerated at Fox Lake Correctional Institution at all times relevant to the case. Dkt. No. 42 at ¶1. Defendant Candace Whitman was the health services manager (HSM) at Fox Lake from 2016 to June 15, 2024.

Id. at ¶2. Defendant Terry Kiser was a nurse at Fox Lake until she retired in 2025. Id. at ¶3.

Whitman's position as HSM was administrative. Id. at ¶4. Generally, the HSM offers administrative support and supervises nursing staff. Id. at ¶5. The HSM does not supervise physicians, dentists or advanced care providers. Id. at ¶6. The HSM is not authorized to diagnose, prescribe medications or overrule a treatment decision by a physician or dentist. Id. Likewise, nurses are not authorized to diagnose or prescribe, and they are not responsible for scheduling dental appointments. Id. at ¶¶9-10.

On October 30, 2022, the plaintiff submitted a health service request (HSR), asking to have a cavity filled. Id. at ¶37. A non-defendant nurse referred the HSR to the dental department in accordance with institution policy. Id. at ¶¶25, 38. A non-defendant dentist triaged the request and placed the plaintiff on the routine waitlist for fillings. Id. at ¶39. Fox Lake did not have a dentist on staff at the time and relied on sporadic coverage from other institutions. Id. at ¶34. As a result of this staffing shortage, the plaintiff was next seen by a dentist on June 14, 2024. Id. at ¶55. The plaintiff then "no-showed" for a dental appointment on September 30, 2024, and underwent a filling on tooth #14 on October 10, 2024. Id. at ¶¶57-58.

Between the plaintiff's first HSR in October 2022 and his filling in October 2024, he submitted four HSRs requesting dental care. Id. at ¶¶41, 44, 47, 51. Kiser received two of those HSRs and promptly forwarded them to the dental department, as she had been trained to do. Id. at ¶¶45-49. Whitman did not see or respond to any of these HSRs; that was not her role as HSM. Id. at ¶59. The plaintiff's HSRs were forwarded to the dental department and a dentist responded to them. Id. at ¶¶42-43, 50, 52. In one of those responses,

dated May 23, 2024, a non-defendant dentist told the plaintiff that "[e]scort officers would not be available" to take him to be seen by an offsite dentist. Id. at ¶52.

The plaintiff filed this case on July 25, 2024. Dkt. No. 1. He alleges that Kiser and Whitman knew of his need for a filling but did not act properly to have him seen sooner. He also alleges that, in retaliation for a lawsuit he filed against her, Whitman falsely told him that escort officers would not be available to take him offsite. The court allowed the plaintiff to proceed against both defendants on claims under the Eighth Amendment for deliberate indifference to a serious medical need and state-law negligence. Dkt. No. 14 at 14-15. The court also allowed the plaintiff to proceed on a First Amendment retaliation claim against Whitman. Id.

B. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

C. Discussion

1. *Eighth Amendment*

"The Eighth Amendment's ban on 'cruel and unusual punishments' obligates prison officials to provide medical care to prisoners in their custody."

Sanders v. Moss, 153 F.4th 557, 567 (7th Cir. 2025) (quoting Dean v. Wexford Health Sources, Inc., 18 F.4th 214, 234 (7th Cir. 2021)); see also Estelle v. Gamble, 429 U.S. 97, 102 (1976). "This principle applies equally to dental care." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (citing Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010)). A prison official's "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. Sanders, 153 F.4th at 567 (quoting Estelle, 429 U.S. at 104). The plaintiff must satisfy two prongs to prove a deliberate indifference claim. First, he must show that he suffers from an "objectively serious medical condition." Id. (quoting Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (en banc)). The plaintiff must also establish that the prison official acted with a "sufficiently culpable state of mind." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see also Wilson v. Seiter, 501 U.S. 294, 297 (1991). "A prison official has a sufficiently culpable state of mind when the official 'knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk.'" Sanders, 153 F.4th at 568 (quoting Farmer, 511 U.S. at 834).

It is undisputed that the defendants did not have the authority to control the dental waitlist times. Dentists determined which waitlist patients should be placed on. Once placed on the waitlist, the defendants could not expedite the plaintiff's dental appointment. That means the plaintiff cannot establish that the defendants acted with deliberate indifference. See Miller v. Harbaugh, 698 F.3d 956, 962 (7th Cir. 2012) ("[D]efendants cannot be thought to be reckless if the remedial step was not within their power."); Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009) ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.").

It is undisputed that Whitman did not see or respond to any of the plaintiff's HSRs. Kiser's involvement was limited to receiving two of the plaintiff's HSRs and promptly referring them to the dental department. Based on these undisputed facts, a reasonable factfinder could not conclude that the defendants acted with deliberate indifference to the plaintiff's dental needs. The court will grant the defendants' motion for summary judgment as to the plaintiff's Eighth Amendment claims.

2. *Retaliation Claim*

To establish a *prima facie* case of retaliation in violation of the First Amendment, a plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Whitfield v. Spiller, 76 F.4th 698, 707-08 (7th Cir. 2023) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

The plaintiff alleges that Whitman lied about escort officers being available to take him to an offsite dental appointment in retaliation for a lawsuit the plaintiff filed against her. It is undisputed that a non-defendant dentist—not Whitman—wrote in response to the plaintiff's HSR that the plaintiff could not receive care from an outside dentist. Even if Whitman had been responsible for the alleged deprivation, the court did not screen the only other lawsuit the plaintiff filed against her, and Whitman was not served with it, until August 2024, well after the May 2024 HSR response stating that no escort officers were available. Patterson v. Whitman, Case No. 25-cv-585 (E.D. Wis.), Dkt. No. 11. Based on these factors, the plaintiff cannot establish that Whitman retaliated against him.

A reasonable jury could not conclude that the defendants violated the plaintiff's constitutional rights.[1] Because the court has concluded that the plaintiff has no federal claim, the court will relinquish supplemental jurisdiction over the plaintiff's state law claims. See 28 U.S.C. §1367(c)(3); Lavite v. Dunstan, 932 F.3d 1020, 1034-35 (7th Cir. 2019).

## II. Conclusion

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 40.

The court **DENIES** the plaintiff's motion for extension of time. Dkt. No. 52.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in

---

[1] Based on the court's determination that the plaintiff has not established a constitutional violation, the court will not address the defendants' contention that they are entitled to qualified immunity.

federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Fed. R. Civ. P. must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**